AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| Michael Tweed<br><br>*Plaintiff(s)*<br>v.<br><br>Glen Cove City School District, Glen Cove City School District Board of Education, and Maria Rianna in her individual and official capacity as Superintendent of Schools, Maureen Pappacris. et al.<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.  14 CV4154 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Grady Farnan, Trustee
25 Coles Street
Glen Cove, New York 11542-2308

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Arthur P. Scheuermann, Esq.
School Administrators Association of New York State
8 Airport Park Boulevard
Latham, New York 12110

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  14 CV4154

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | |
|---|---|
| Michael Tweed | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No.  14 CV4154 |
| Glen Cove City School District, Glen Cove City School District Board of Education, and Maria Rianna in her individual and official capacity as Superintendent of Schools, Maureen Pappacris. et al. | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Richard Maccarone, President
9 New Woods Road
Glen Cove, New York 11542-1407

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Arthur P. Scheuermann, Esq.
School Administrators Association of New York State
8 Airport Park Boulevard
Latham, New York 12110

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____          _____
                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  14 CV4154

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____          _____

                                                        *Server's signature*

                                              _____

                                                        *Printed name and title*


                                              _____

                                                        *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| Michael Tweed | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No.  14 CV4154 |
| | ) |
| Glen Cove City School District, Glen Cove City | ) |
| School District Board of Education, and Maria Rianna | ) |
| in her individual and official capacity as | ) |
| Superintendent of Schools, Maureen Pappacris. et al. | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   Donna Brady, Vice President
16 Crescent Beach Road
Glen Cove, New York 11542-1836

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Arthur P. Scheuermann, Esq.
School Administrators Association of New York State
8 Airport Park Boulevard
Latham, New York 12110

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
_CLERK OF COURT_

Date: _____                    _____
                                                          _Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   14 CV4154

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____                                    _____
                                                              *Server's signature*

                                                         _____
                                                              *Printed name and title*

                                                         _____
                                                              *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| Michael Tweed | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. 14 CV4154 |
| Glen Cove City School District, Glen Cove City School District Board of Education, and Maria Rianna in her individual and official capacity as Superintendent of Schools, Maureen Pappacris. et al. | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   Maria Rianna, Superintendent of Schools
20 Burgundy Lane
Nesconset, New York 11767-1832

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Arthur P. Scheuermann, Esq.
School Administrators Association of New York State
8 Airport Park Boulevard
Latham, New York 12110

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
_CLERK OF COURT_

Date: _____          _____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  14 CV4154

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____         _____
                                                    *Server's signature*

                                          _____
                                                    *Printed name and title*

                                          _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Michael Tweed<br><br>*Plaintiff(s)*<br>v.<br><br>Glen Cove City School District, Glen Cove City<br>School District Board of Education, and Maria Rianna<br>in her individual and official capacity as<br>Superintendent of Schools, Maureen Pappacris. et al.<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.   14 CV4154

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Barrie Dratch, Trustee
10 McGrady Street
Glen Cove, New York 11542-4119

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Arthur P. Scheuermann, Esq.
School Administrators Association of New York State
8 Airport Park Boulevard
Latham, New York 12110

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____                    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  14 CV4154

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | | |
|---|---|---|
| Michael Tweed | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  14 CV4154 |
| Glen Cove City School District, Glen Cove City | ) | |
| School District Board of Education, and Maria Rianna | ) | |
| in her individual and official capacity as | ) | |
| Superintendent of Schools, Maureen Pappacris. et al. | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Gail Nedbor-Gross, Trustee
69 Sugar Maple Lane
Glen Cove, New York 11542

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Arthur P. Scheuermann, Esq.
School Administrators Association of New York State
8 Airport Park Boulevard
Latham, New York 12110

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____                    _____
                                                                     *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  14 CV4154

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____ .

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____        _____
                                          *Server's signature*

                                 _____
                                          *Printed name and title*


                                 _____
                                          *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | | |
|---|---|---|
| Michael Tweed | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Plaintiff(s)_ | ) | Civil Action No. 14 CV4154 |
| v. | ) | |
| | ) | |
| Glen Cove City School District, Glen Cove City | ) | |
| School District Board of Education, and Maria Rianna | ) | |
| in her individual and official capacity as | ) | |
| Superintendent of Schools, Maureen Pappacris. et al. | ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Maureen Pappacristou, Trustee
7 Dartmourth Drive
Glen Cove, New York 11541-2017

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Arthur P. Scheuermann, Esq.
School Administrators Association of New York State
8 Airport Park Boulevard
Latham, New York 12110

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

### DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____     _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  14 CV4154

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

□ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

□ I returned the summons unexecuted because _____ ; or

□ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

<table>
<tr><td>Michael Tweed</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td style="text-align:center"><em>Plaintiff(s)</em></td><td>)</td></tr>
<tr><td style="text-align:center">v.</td><td>)  Civil Action No.  14 CV4154</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Glen Cove City School District, Glen Cove City<br>School District Board of Education, and Maria Rianna<br>in her individual and official capacity as<br>Superintendent of Schools, Maureen Pappacris. et al.</td><td>)<br>)<br>)<br>)</td></tr>
<tr><td style="text-align:center"><em>Defendant(s)</em></td><td>)</td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  David Higgins, Trustee
   77 Seaman Road
   Glen Cove, New York 11542-1534

   A lawsuit has been filed against you.

   Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Arthur P. Scheuermann, Esq.
   School Administrators Association of New York State
   8 Airport Park Boulevard
   Latham, New York 12110

   If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____          _____
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   14 CV4154

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ❐ I returned the summons unexecuted because _____ ; or

    ❐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.


Date: _____

                                              _____
                                                            *Server's signature*

                                              _____
                                                        *Printed name and title*

                                              _____
                                                            *Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MICHAEL  TWEED,

                                    Plaintiff,

              -against-

GLEN COVE CITY SCHOOL DISTRICT, GLEN
COVE CITY SCHOOL DISTRICT BOARD OF
EDUCATION, and MARIA RIANNA, in her
individual and official capacity as Superintendent
of Schools, MAUREEN PAPPACRISTOU, GAIL
NEDBOR-GROSS, DONNA BRADY, BARRIE
DRATCH, RICHARD MACCARONE, GRADY
FARNAN, and DAVID HIGGINS,

                                    Defendants.
------------------------------------------------------------------x

**AMENDED
COMPLAINT**
**JURY TRIAL DEMANDED**

14 CV4154
(LDW) (SIL)

       Plaintiff, by his attorneys, the School Administrators Association of New York State

("SAANYS"), as and for a Complaint pursuant to the United States and New York State

Constitutions, and 42 U.S.C. Section 1983, allege as follows:

## PARTIES

       1.      At all relevant times, Plaintiff Michael Tweed ("Mr. Tweed") has been a resident

of Suffolk County, New York.

       2.      At all relevant times, Defendant Glen Cove City School District ("District") is a

municipal corporation duly organized and existing under the laws of New York State within the

geographic area of Glen Cove, Suffolk County, New York and maintains a place of business at

150 Dosoris Lane, Glen Cove, New York 11542.

1

3.     At all relevant times, Defendant Glen Cove City School District Board of Education ("Board of Education") is the governing body of the Defendant District and responsible to upholding the laws, rules and regulations governing the District.

4.     At all relevant times Defendant Maria Rianna ("Ms. Rianna" or "Superintendent Rianna") has served as Superintendent of Defendant District and, as such is responsible to upholding the laws, rules and regulations governing the District. She is being sued in her official capacity as Superintendent of Schools, as well as in her individual capacity.

5.     In October, 2013, Defendant, Maureen Pappacristou, was appointed to the Board of Education and then elected the President of the Board of Education of the Glen Cove City School District for the 2013-14 school year.  She is no longer the President but currently is a member of the Board.  She is sued in her official capacity as a member of the Board of Education, as well as in her individual capacity.

6.     At all relevant times hereto, Defendant Gail Nedbor-Gross was a member of the Board of Education of the Glen Cove City School District.  She is sued in her official capacity as a member of the Board of Education, as well as in her individual capacity.

7.     At all relevant times hereto, Defendant Donna Brady, was a member of the Board of Education of the Glen Cove City School District.  She is sued in her official capacity as a member of the Board of Education, as well as in her individual capacity.

8.     At all relevant times hereto, Defendant Barrie Dratch, was a member of the Board of Education of the Glen Cove City School District.  She is sued in her official capacity as a member of the Board of Education, as well as in her individual capacity.

9.     Defendant Richard Maccarone, was a member of the Board of Education of the Glen Cove City School District when Mr. Tweed was hired in 2011, who then left the Board for

a year.  Mr. Maccarone was re-elected to the Board in May, 2012 and took office in July, 2012.
He is currently the President of the Board of Education.  He is sued in his official capacity as a
member of the Board of Education, as well as in his individual capacity.

      10.    At all relevant times hereto, Defendant Grady Farnan, was a member of the Board
of Education of the Glen Cove City School District.  He is sued in his official capacity as a
member of the Board of Education, as well as in his individual capacity.

      11.    At all relevant times hereto, Defendant David Huggins, was a member of the
Board of Education of the Glen Cove City School District.  He is sued in his official capacity as
a member of the Board of Education, as well as in his individual capacity.

## JURISDICTION AND VENUE

      12.    Pursuant to 28 U.S.C. Sections § 1331 and 1343, this Court has jurisdiction
because the action involves fundamental federal Constitutional and statutory rights.

      13.    The Court also has supplemental jurisdiction over the related State Constitutional
claims pursuant to 28 U.S.C. § 1367.

      14.    This action is venued in the United States District Court, Eastern District of New
York pursuant to 28 U.S.C. § 1391 on the grounds that it is the judicial district where the
defendants reside or have their official place of business and where the actions complained of
took place.

## FACTS

      15.    Defendants had appointed Mr. Tweed to the position Coordinator of Guidance and
Pupil Personnel Service (PPS) effective July 1, 2011.  This was Mr. Tweed's first employment with
Respondent District.

3

16.     At all relevant times herein, Mr. Tweed had a record of good, faithful, efficient and competent service with the District.

17.     Mr. Tweed took over a guidance department that was in disarray.  Three individuals had held in his position in the prior six years.  In addition, the guidance department personnel had been reduced thereby requiring the remaining employees to be re-assigned more tasks that adversely effected productivity and diminished morale.

18.     At the time of his appointment, Mr. Tweed was instructed by the Respondent Glen Cove City School District Board of Education to fix the problems within the Guidance Department. For instance, the Board requested Mr. Tweed to devise ways in which more students would apply to college and obtain scholarships.

19.     Under Mr. Tweed's leadership, the guidance department became more responsive to meeting student needs and providing the best services possible.

20.     Mr. Tweed was responsible for creating new innovative courses and programs including an incredibly successful College Essay Writing Course for students and spearheading an on-line database for students with 504 accommodations.

21.     Through his hard work, Mr. Tweed established a more effective system for students to understand high school course offerings, recruited more children to register for the PSAT and SATs, and arranged more opportunities for high school students to visit colleges.

22.     In addition, Mr. Tweed tirelessly solicited colleges to visit the school district which resulted in the largest number of colleges and universities ever visiting the district.

23.     Due to Mr. Tweed's efforts as the Guidance Department supervisor the District enjoyed a significant spike in the number of students applying to college and an equally impressive increase in the number of colleges each student applied to for admission.

24.     Mr. Tweed's excellent work was documented in his exemplary evaluations during his first two years of probation.

25.     For example, at the conclusion of his first year of employment, Dr. Joseph Laria, the then superintendent of schools determined that Mr. Tweed was "an extremely effective administrator" and described that he had an "excellent year".

26.     Following his second year, the 2012-13 school year, Assistant Superintendent Dr. Michael Israel evaluated Mr. Tweed.  After citing Mr. Tweed's long list of accomplishments and achievements (a few of which are mentioned herein), Dr. Israel concluded that "[t]his was a very good year!  You have fulfilled your duties and responsibilities as Chairperson of Guidance and Pupil Personnel Services (PPS) in the Glen Cove School District in a professional manner."

27.     During the 2012-13 school year, the District was conducting an internal investigation of testing illegalities that was rampant in the school district.

28.     During that investigation, Mr. Tweed stumbled across the fact that at least two high school students had their official transcripts improperly tampered with to enable them to graduate, when they would have otherwise been unqualified to do so.

29.     Specifically, Mr. Tweed discovered that the high school principal and assistant principal tampered with official school district records by changing two students' failing classroom grades and/or New York State Regents grades in order for the students to graduate.

30.     Mr. Tweed met with then Superintendent Dr. Joseph Laria and presented the information he uncovered.

31.     In the Spring 2013, Mr. Tweed cooperated in the District's investigation with the expressed assurance he would be free of retaliation as a whistleblower.

32.     Ultimately, the District hired special independent counsel to investigate the widespread cheating that was occurring in the school.

33.     Mr. Tweed then fully cooperated with an independent investigator hired by the District to investigate the cheating that occurred in the District.

34.     Later, the Nassau County District Attorney's Office launched an investigation as did the New York State Education Department.

35.     Mr. Tweed fully cooperated with the District Attorney's investigations after being assured again that he would be protected as a whistleblower and not be retaliated against.

36.     During the late spring 2013, Mr. Tweed began to hear from multiple sources that District officials and employees as well as some PTA representatives, some of whom had relationships with members of the Respondent Board, were trying to identify who was cooperating in the investigation.

37.     Upon information and belief, one or more board members willfully, maliciously, and improperly divulged confidential executive session information about the investigation, including Mr. Tweed's cooperation in the investigation to people in Glen Cove.

38.     Mr. Tweed learned from multiple sources that certain members of the Board and community were furious that he cooperated in the investigation.

39.     At a college fair held at Glen Cove High School, a community member, who actively volunteers in the school district, approached Mr. Tweed to discuss his situation. The community member confided to Mr. Tweed that she is praying for him and that the two high school administrators should have known better. The community member added that the high school principal and assistant principal along with the PTA were targeting Mr. Tweed because of his involvement in this investigation.

6

40.     Subsequently, a PTA representative told Mr. Tweed that she had heard that he was getting fired because of his cooperation.

41.     These reports resulted in Mr. Tweed, through his counsel, reminding Superintendent Laria of Mr. Tweed's status as a whistleblower through a letter dated April 22, 2013.

42.     Mr. Tweed's attorney also notified the Board of Education of his status as a whistleblower, along with the accompanying protections afforded to such individuals, by way of a letter to then Board of Education President Joel Sunshine dated May 24, 2013.

43.     Upon the conclusion of the independent investigation, the investigator issued an extensive report that detailed the pervasive corruption in the school district regarding testing and grades.

44.     The Nassau County District Attorney convened a Grand Jury to explore the criminal conduct occurring in the District, particularly the widespread falsification of public records, i.e., state assessments, Regents examinations and course grades as well as public misconduct associated with the wide-spread and systematic cheating on state assessments.

45.     Notwithstanding pronounced publicity, the Nassau County District Attorney disbanded the Grand Jury and has not continued its probe.

46.     In May, 2013, the Respondent Board forced Dr. Laria to resign.  Upon information and belief, this forced resignation was due to Dr. Laria's investigation into the improprieties brought to his attention by Mr. Tweed.

47.     At that time, Mr. Tweed learned that a certain faction of the Board wanted to fire anyone associated with former superintendent Dr. Laria, including his former secretary, or who was otherwise involved in bringing the District's internal corruption to light.

48.     Assistant Superintendent for Personnel, Mr. Zocchia served as interim superintendent until the Board finally hired Ms. Rianna as superintendent in July, 2013.

49.     Over the summer, Board President Joel Sunshine resigned.

50.     Based on Mr. Tweed's cooperation, the then High School principal was suspended, forced to retire, and upon information and release surrendered his New York State Teaching and Administrative Certifications for his role in the cheating reported by Mr. Tweed.

51.     The High School Assistant Principal also involved in the tampering of grades was not suspended.  He was allowed to continue to work, though he was denied access to the District's student management computer system.

52.     Upon information and belief, the High School Assistant Principal negotiated a settlement of prospective disciplinary charges (pursuant to Education Law Section 3020-a charges) and a Substantial Question of his Moral Character Charges (Part 83 proceeding) by paying a significant fine to the State Education Department.

53.     In the fall 2013, Newsday published on its website the entire independent investigator's report of the cheating scandal that plagued the District.

54.     Until his abrupt forced resignation in May 2013, Dr. Laria had indicated that Mr. Tweed was on track for tenure.

55.     The long-standing practice in the District has been that the employee's supervisor and the Assistant Superintendent for Personnel would notify any probationary employee, who was at-risk not to receive tenure, prior to the commencement of his/her third year of employment.

56.     In those discussions, the at-risk non-tenured employees would either be counseled on how to improve to receive tenure, encouraged to resign or be terminated.

57.     Prior to and during his third year of probation (the 2013-14 school year), Mr. Tweed often asked Dr. Israel, his supervisor and evaluator about his performance.  Dr. Israel never raised any performance related concerns with Mr. Tweed, as required by Article IX of the CBA.

58.     New Superintendent Maria Rianna confirmed that she had no concerns about Mr. Tweed's performance as late as a meeting with him held on February 12, 2014.

59.     Despite the lack of any reported performance concerns, in February, 2014 Ms. Rianna requested Mr. Tweed voluntarily to accept a fourth year of probation in exchange for releasing the District of all potential claims Mr. Tweed may have against it, including retaliation claims.

60.     At the meeting, Ms. Rianna speciously claimed that she needed an additional year to evaluate Mr. Tweed, though Dr. Israel was Mr. Tweed's direct supervisor and would be the person making his tenure recommendation to Superintendent Rianna for her approval.

61.     However, on February 6, 2014, when asked directly by Mr. Tweed about his pending tenure status, Dr. Israel said he did not know anything about his tenure, but would inquire of Superintendent Rianna.

62.     This statement was illogical since Dr. Israel was Mr. Tweed's direct supervisor and the person responsible, along with the Assistant Superintendent for Personnel to review all candidates for tenure prior to the third year.  Dr. Israel's statement also contradicts the established practice of advising any at-risk employee prior to the third year if they were not getting tenure.

63.     Since Mr. Tweed had received glowing evaluations and no concerns were ever brought up to him, Mr. Tweed should have been recommended for tenure by Dr. Israel and Assistant Superintendent for Personnel, Louis Zocchia.

64.     At the subsequent meeting with Ms. Rianna in February, 2014, when she feigned the need to have another year to evaluate him, Mr. Tweed informed Ms. Rianna that Dr. Israel had indicated that he was unaware of Mr. Tweed's tenure status. Dr. Rianna replied that Dr. Israel had lied and that he was fully aware of it.

65.     Mr. Tweed was the only probationary employee to whom she made this request for a fourth year of probation, upon information and belief.

66.     Mr. Tweed pointed out that no other district employee eligible for tenure was asked to accept a fourth year of probation, including a non-tenured teacher working under Mr. Tweed's supervision who he recommended to Superintendent Rianna for tenure.  The teacher was granted tenure.

67.     Upon information and belief, Ms. Rianna concocted the need for another year to evaluate Mr. Tweed as a pretext to have him release the District of all claims he may have against the district (as a condition to obtaining a fourth year of probation) so that at the end of the fourth year of probation the District would simply terminate his employment and then not have to litigate his dismissal.

68.     Mr. Tweed refused to accept a fourth year.  By letter Mr. Tweed advised Ms. Rianna that her refusal to grant him tenure was in retaliation for him reporting the criminal conduct of the high school principal and high school assistant principal in tampering with public records, specifically several students' grades.

69.     On March 17, 2014, on the letterhead of Mr. Zocchia, the Assistant Superintendent for Personnel, Mr. Tweed was advised that Superintendent Rianna was not going to recommend him tenure.

70.     Mr. Tweed subsequently demanded to know the reasons why he was being denied tenure.

71.     On March 27, 2014, counsel for Mr. Tweed sent a letter to Ms. Rianna, informing her of Mr. Tweed's protected whistleblower status and enclosed copies of the 2013 correspondence to Dr. Laria and Mr. Sunshine on the topic.

72.     Ms. Rianna then sent Mr. Tweed a list of five purported concerns for refusing to recommend him for tenure.

73.     The grounds are baseless and were never raised to Mr. Tweed as a concern by anyone, including Dr. Laria, Dr. Israel, Mr. Zocchia or Ms. Rianna.

74.     Mr. Tweed further believes the reasons given were purely a pretext and subterfuge for retaliating against him for reporting the tampering of students' course grades and Regents grades that he uncovered occurring at the high school.

75.     Mr. Tweed subsequently submitted to the Board a response with supporting documents that overwhelmingly revealed the lacked any factual support for the reasons given for not recommending him for tenure.

76.     On May 5, 2014, the Board, collectively and through the actions of its individual members, acted willfully, maliciously and without any legitimate factual and legal basis not to grant Mr. Tweed tenure on the recommendation of Ms. Rianna, even though the District failed to comply with the terms of the CBA, as well as its established practice, in retaliation for Mr. Tweed reporting illegal conduct occurring within the school district and in violation of his legal status as a whistle blower under the law.

77.     Upon information and belief, the High School Assistant Principal shall be appointed the next high school principal in Glen Cove despite being actively involved and admitting to his role in tampering with course and Regents grades.

78.     Since being denied tenure in May 2014, Mr. Tweed, through no conduct of his own, has been identified as the whistleblower in the press, including Newsday.

79.     Mr. Tweed has been actively seeking employment within his chosen field of education since being notified of the District's intention not to grant him tenure and has been on several promising job interviews on Long Island; however, since he was identified as the whistleblower in the media, all communications from prospective employers have stopped. In fact, calls made on Mr. Tweed's behalf to prospective employers by those with personal connections have been completely shut down. Upon information and belief, this is a part of the District's attempt to blacklist Mr. Tweed in retaliation for exposing corruption within the high school, resulting in the resignation of the home-grown high school principal, who was beloved within the community.

80.     To date, Mr. Tweed has not made any statements, other than in the context of official investigations and communications with his employer regarding his whistleblower status, either identifying himself as a whistleblower or otherwise disparaging the District and its internal corruption.

81.     On or about May 28, 2014, Plaintiff served a Notice of Claim upon the Defendants pursuant to the provisions of New York Education Law Section 3813.

82.     On or about June 5, 2014, the District, through its counsel served a Notice of Hearing Pursuant to General Municipal Law Section 50-h.

83.     After discussion, Plaintiff has decided to forego prosecution of tort claims set forth in the Notice of Claim obviating the need for a 50-h hearing pursuant to the General Municipal Law.

84.     No previous request has been made for the relief sought herein.

## FOR A FIRST CAUSE OF ACTION

### (First Amendment)

85. Claimant repeats and hereby re-alleges the allegations as set forth in Paragraphs "1" through "84" of this Claim as if set forth at length herein.

86.     Defendants District, Board and Superintendent Rianna, individually and collectively, acted with wanton, willful and reckless disregard for Claimant's civil rights under the First Amendment to the United States Constitution, and the New York State Constitution Article 1.

87.     Mr. Tweed reported criminal behavior occurring within the high school.

88.     In so doing, Mr. Tweed expressed his opinion on matters of public concern as it directly violated the affected students' rights to public education, District policy and specifically its Code of Conduct, and the integrity of the District.

89.     Mr. Tweed's speech did not disrupt the operation of the District, but rather ferreted out corruption occurring at the highest levels in the District.

90.     As a result, Mr. Tweed's statements in this regard are protected free speech under the First and Fourteenth Amendments of the United States Constitution as well as Article I of the New York State Constitution.

91.     Upon information and belief, the Defendants retaliated for Mr. Tweed exercise of his Constitutional rights and reporting the criminal conduct to the Respondent District, its independent investigator as well as to the Nassau County District Attorney and New York State Education Department about grading and testing improprieties and illegal conduct committed by District administrators.

92.     Defendants' willful retaliatory actions, including specifically not recommending Mr. Tweed for tenure and terminating his employment are acts for which the Defendants were acting under color of state law and pursuant to a custom or policy of retaliating against whistleblowers.

93. Additionally, and/or in the alternative, the individually named Defendants intentionally, willfully, and/or recklessly and negligently took adverse actions against Mr. Tweed with malicious intent in response to his whistleblowing activities.

94.     That the Defendants' resulting actions punished, disciplined without due process, harassed, embarrassed, humiliated and isolated Mr. Tweed, causing substantial damage to his reputation, honor, integrity, mental and emotional health and well-being, promotional opportunities and future employment opportunities.

(The rest of this page is left intentionally blank)

## FOR A SECOND CAUSE OF ACTION

### (42 USCA § 1983)

95.     Plaintiff repeats and hereby realleges the allegations as set forth in Paragraphs "1" – "94" of this Claim as if set forth at length herein.

96.     Mr. Tweed's reports of criminal conduct within the High School are protected free speech under the First and Fourteenth Amendments of the United States Constitution as well as Article I of the New York State Constitution.

97.     Upon information and belief, Mr. Tweed's speech activity was a substantial factor in the District's decision to willfully retaliate against him for reporting the criminal conduct by requesting that he voluntarily accept a fourth year of probation in exchange for releasing the District of all potential claims he may have against it.

98.     Defendants' retaliatory actions, including specifically not recommending Mr. Tweed for tenure and terminating his employment are acts for which the Defendants were acting under color of state law and pursuant to a custom or policy of retaliating against whistleblowers.

99. Additionally, and/or in the alternative, the individually named Defendants intentionally, willfully, and/or recklessly and negligently took adverse actions against Mr. Tweed with malicious intent in response to his whistleblowing activities.

100.     Defendants' resulting willful actions punished, disciplined without due process, harassed, embarrassed, humiliated, and isolated Mr. Tweed, causing substantial damage to his reputation, honor, integrity, mental and emotional health and well-being, promotional opportunities and future employment opportunities in violation of 42 USCA § 1983 .

## FOR A THIRD CAUSE OF ACTION

## (Violation of New York Civil Service Law Section 75-b)

101.   Plaintiff repeats and hereby re-alleges the allegations as set forth in Paragraphs "1" – "100" of this Claim as if set forth at length herein.

102.   Mr. Tweed, as the Coordinator of Guidance and Pupil Personnel Services is a public employee working for the Glen Cove City School District.

103.   Mr. Tweed, after discovering the illegal conduct himself, and having no reason to doubt whether or not it had actually taken place, was required, under state and federal law, to report his findings to the District and did so.

104.   Defendants wilful decisions not to recommend him for tenure and subsequently to terminate his employment were unlawful retaliatory personnel actions in violation of Section 75-b of the Civil Service Law.

105.   Mr. Tweed was denied tenure and then terminated in retaliation for his reporting criminal conduct in the District to the appropriate governmental bodies – Respondent District, its independent investigator, the Nassau County District Attorney, and the New York State Education Department - information that Mr. Tweed reasonably believed to be true and which he reasonably believed to constitute illegal activities of District administrators occurring within the Respondent District.

106.   Plaintiff Tweed's denial of tenure and termination of employment violates his rights under Section 75-b of the Civil Service Law.

16

## FOR A FOURTH CAUSE OF ACTION

### (CPLR Article 78 Arbitrary and Capricious Violations of Law)

107.    Mr. Tweed repeats and hereby re-alleges the allegations as set forth in Paragraphs "1" – "106" of this Claim as if set forth at length herein.

108.  By denying Mr. Tweed tenure and terminating his employment in retaliation for his known whistleblower activities, Defendants engaged in conduct that is clearly arbitrary, capricious and in direct violation of New York Education Law §2509, 42 USCA § 1983, the First and Fourteenth Amendments of the United States Constitution as well as Article I of the New York State Constitution, as well as New York Civil Service Law §75-b.


(The rest of this page is left intentionally blank)

## CONCLUSION

WHEREFORE, Plaintiffs request that this Court grant a Judgment:

(a)  Declaring that the Defendants must reinstate Plaintiff to his position with back pay and all associated rights and benefits; and

(b)  Granting Plaintiff punitive damages in the amount of $3,000,000.00;

(c)  Declaratory relief that the Defendants violated Plaintiff's rights under the law;

(d)  Granting the Plaintiffs the costs and disbursements of this action, together with reasonable attorneys' fees, pursuant to 42 U.S.C. Section 1988, and

(e)  Granting such other, further and different relief as the Court may deem just and proper.

Dated: August 19, 2014

SCHOOL ADMINISTRATORS ASSOCIATION
 OF NEW YORK STATE
OFFICE OF GENERAL COUNSEL
ARTHUR P. SCHEUERMANN

ARTHUR P. SCHEUERMANN, ESQ.
General Counsel
8 Airport Park Blvd.
Latham, New York 12110
(518) 782-0600
Bar Roll No. AS 5720