

8 Airport Park Boulevard
Latham, New York 12110

Phone: (518) 782-0600
Fax: (518) 782-9552
www.saanys.org

November 3, 2014

**KEVIN S. CASEY**
Executive Director

Honorable Leonard D. Wexler
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11201

    Re:    Tweed v. Glen Cove CSD, et al.
            Docket No.: 14 CV 4154 (LDW)(SIL)
            Pre-Motion Conference Response

Dear Judge Wexler:

    As you are aware, this office represents Michael Tweed in the above-entitled action. Pursuant to you honor's individual rules of practice, a response to the defendants' request for a pre-motion conference was to have been submitted within seven days of the request. Due to an oversight, my office was unaware of this requirement. Rest assured, we have thoroughly reviewed the Court's rules and such an error will not occur again. In the meantime, we ask the Court's forgiveness and submit the following response, but are prepared to address all the points herein orally at the conference should the Court reject the filing.

    Briefly, this case involves the violation of a whistleblower's rights by his former employer, the Glen Cove City School District ("District") by its agents and employees, the individually named defendants. Mr. Tweed was a probationary Coordinator of Guidance and Pupil Personnel Service within the District, who uncovered systematic and wide-spread cheating by teachers and administrators within the District, resulting in students' grades being changed to permit them to graduate when they otherwise would not have. Mr. Tweed cooperated with the District's counsel, as well as the Nassau County District Attorney's office and the State Education Department. The result of Mr. Tweed's involvement was significant fines against eight teachers and administrators and the beloved hometown High School Principal surrendering his educational licenses. Mr. Tweed had received multiple reports from District employees and community members that the Board of Education was out to punish anyone involved in the investigation, which had resulted in bad publicity in the news media.

    Despite a stellar service record and repeated notices to the District that Mr. Tweed was a whistleblower, he was denied tenure by the District due to his whistleblowing activities, in violation of his constitutional rights and long standing internal practices within the District. These violations resulted in the four causes of action contained within the Amended Complaint: (1) Violation of Mr. Tweed's First Amendment rights; (2) Violations of Mr. Tweed's rights pursuant to 42 USCA § 1983; (3) Violation of New York Civil Service Law § 75-b; and (4) CPLR Article 78 Arbitrary and Capricious Violations of Law.

    Defendants seek to have the instant action dismissed pursuant to Rules 12(b)(1) and 12(b)(6). Under Rule 12(b)(1), a case may only be dismissed if the district court lacks statutory or constitutional authority to adjudicate the matter and all allegations are to be construed in the plaintiff's favor. *Vailette v. Lindsay*, 2014 WL 4101513, at *3 (E.D.N.Y. 2014). In a motion to dismiss pursuant to Rule 12(b)(6),

accepting all facts within the Complaint as true and giving all reasonable inferences to the plaintiff, a Complaint will survive if there are "enough facts to state a claim to relief that is plausible on its face." *Id.*

There can be no doubt that first and second causes of action are within this Court's jurisdiction, as they allege violations of the Plaintiff's constitutional rights. The third and fourth causes of action are within this court's purview, as the Court has the authority to exercise pendent jurisdiction over state law claims that stem from a "common nucleus of operative fact." *Moore v. Cnty. of Suffolk*, 851 F. Supp. 2d 447, 458 (E.D.N.Y. 2012). Constitutional claims are sufficient to support jurisdiction over pendent state law claims when the constitutional claim are not wholly insubstantial or obviously frivolous. *Id.* As set forth below, Plaintiff's constitutional causes of action are clearly sufficiently alleged within the Amended Complaint to allow for continued survival of the state law claims.

Initially, it should be noted that in all but one of the cases cited by the Defendants in support of dismissal of the First Amendment and §1983 claims, the dismissals were made (and affirmed by the Second Circuit Court of Appeals or the United States Supreme Court) at summary judgment, not at the instant pleading stage. In the single case cited relating to a motion to dismiss, *Ruotolo v. City of New York*, 514 F.3d 184, 186 (2d Cir. 2008), the Second Circuit affirmed dismissal upon the basis that the at-issue speech, potential building safety issues, are not a matter of public concern.

There can be no doubt that Mr. Tweed's speech concerning school employees assisting students to cheat on exams and altering grades, is a matter of public concern. Public education is of such paramount concern that the Supreme Court in *Garcetti v. Ceballos*, 547 U.S. 410, 425 (2006), specifically held, "that expression related to academic scholarship or classroom instruction implicates additional constitutional interests that are not fully accounted for by this Court's customary employee-speech jurisprudence. We need not, and for that reason do not, decide whether the analysis we conduct today would apply in the same manner to a case involving speech related to scholarship or teaching."

Since the *Garcetti* ruling, the Supreme Court has not taken up the specific issue of academic scholarship in a First Amendment context. While cases have taken place within the field of public education, such as *Weintraub v. Bd. of Educ. of City Sch. Dist. of City of New York*, 593 F.3d 196, 203 (2d Cir. 2010), they are readily distinguishable from the case at hand. In *Weintraub,* the Second Circuit upheld the dismissal of a case upon summary judgment when the allegations were that the Plaintiff was disciplined for filing an internal employee grievance over an administrator's lack of student discipline. According to the Second Circuit, the speech was not as a citizen because it was "'pursuant to' his official duties because it was 'part-and-parcel of his concerns' about his ability to 'properly execute his duties'". *Id.* The Court further went on to hold that because the speech took the form of an internal employee grievance, "there is no relevant analogue to speech by citizens who are not government employees."

In the instant action, there can be no dispute that Mr. Tweed's speech on widespread cheating, falsifying grades and permitting unqualified students to graduate was made as a citizen on a matter of public concern. Further, Plaintiff's actions of reporting his discovery of illegal actions by teachers and administrators to his employer and subsequently conferring with the District Attorney's office would be no different were he employed within the private sector. As these facts, as well as the causal connection between the protected speech and the adverse employment action, are set forth within the Amended Complaint, it is submitted that further analysis of the nature of the Plaintiff's speech is better suited for summary judgment, once all discovery is complete and the Court has the benefit of a full record.

As to New York Civil Service Law §75-b claim, Plaintiff originally filed a notice of claim pursuant to Education Law §3813, though the notice would also suffice under Municipal Law §50-i. At the time the Notice of Claim was filed, the district was put on notice about several potential tort claims. However, when the Complaint was filed in federal court including the Civil Service Law §75-b cause of

action, no tort claims were not included. The requirement of filing a notice of claim pursuant to General Municipal Law §50-i only applies to tort cases against school districts. Education Law §3813 requires it in most ccases against school districts. *Glaves-Morgan v. City of New York*, __ F. Supp.2d __, 2012 WL 1097288 (S.D.N.Y.). However, under Education Law §3813 there is no right to an examination akin to General Municipal Law §50-h. Hence, because there is no right to an examination pre-complaint under the Education Law, and the case only pleads a cause of action pursuant to Civil Service Law §75-b, there was no need here to make Plaintiff available for an examination here. Plaintiff concedes that a Civil Service Law §75-b claim can only be brought against an employer, here the school district, board of education and the individual defendants in the official capacity.

The Amended Complaint sufficiently pleads a cause of action under either Civil Service Law §75-b (2)(a)(i) or (ii). Plaintiff reported criminal conduct of behalf of teachers and school administrators which ultimately was referred to the Nassau County District Attorney (Complaint, ¶¶ 44, 45, and 105), and which he reasonably believed was true and constituted improper governmental action.

Plaintiff was terminated not pursuant to a collectively negotiated agreement. His termination was according to the Education Law. Hence, the cited exclusion in Civil Service Law §75-b(3)(b) is inapplicable. His only remedy to challenge his termination was to file the instant lawsuit. Moreover, the relevant collective bargaining agreement does not provide relief for Plaintiff in challenging his termination. The arbitration referenced by Defendants pertains to the school district's failure to evaluate him according the contract and past practice. The Defendants non-compliance with its evaluative procedures for non-tenured educators constitutes evidence of the causal connection between his protected speech and his resulting termination without cause.

With regards to Plaintiff's fourth cause of action, there is a dispute as to whether Federal Courts have authority to entertain Article 78 causes of action. *Compare, Casale v. Metro. Transp. Auth.*, 2005 WL 3466405, at *6 (S.D.N.Y. 2005); *Nat'l Fuel Gas Supply Corp. v. Town of Wales*, 904 F. Supp. 2d 324, 336 (W.D.N.Y. 2012); *Cartagena v. City of New York*, 257 F. Supp. 2d 708, 711 (S.D.N.Y. 2003). Despite these conflicting decisions, it is acknowledged that the vast majority of cases decline to hear such causes of action and remand them to state court. This being said, Federal jurisdiction over an Article 78 claim is not unheard of. In *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 865 (2d Cir. 1988), the Second Circuit upheld jurisdiction over such a cause of action due to the risk of conflicting orders and also because no one would lose any substantive rights due to Federal jurisdiction. (The cause of action was ultimately dismissed on the merits.) Accordingly, it is submitted that the Court here has the authority to entertain the Article 78 cause of action and should to avoid inconsistent decisions. Should the court decline jurisdiction over this matter, the appropriate remedy is to remand the cause of action to State Court for a determination on the merits, not dismissal.

Very truly yours,

Arthur P. Scheuermann (AS 5720)
General Counsel

To: Via ECF
Rutherford & Christie, LLP
369 Lexington Avenue 8th Floor
New York, New York 10017