```
                                                         FILED
                                                         CLERK
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK       3/23/2016
 2
                                                      U.S. DISTRICT COURT
 3     --------------------------------X               EASTERN DISTRICT OF NEW YORK
                                       :                  LONG ISLAND OFFICE
 4     MICHAEL TWEED,                   :
                                       :   14-CV-04154 (LDW)(SIL)
 5               Plaintiff,            :
                                       :
 6          v.                         :
                                       :   March 1, 2016
 7     GLEN COVE CITY SCHOOL DISTRICT, :   Central Islip, New York
       et al.,                         :
 8                                     :
                 Defendants.           :
 9                                     :
       --------------------------------X
10

11           TRANSCRIPT OF CIVIL CAUSE FOR SETTLEMENT
               BEFORE THE HONORABLE ANNE Y. SHIELDS
12                UNITED STATES MAGISTRATE JUDGE

13
       APPEARANCES:
14

15     For the Plaintiff:        LOUIS D. STOBER, JR., ESQ.
                                 ALBINA KATAEVA, ESQ.
16                               350 Old Country Road
                                 Suite 205
17                               Garden City, New York 11530

18

19     For the Defendants:       LEWIS R. SILVERMAN, ESQ.
                                 Silverman & Associates
20                               445 Hamilton Avenue
                                 Suite 1102
21                               White Plains, New York 10601

22

23     Court Transcriber:        SHARI RIEMER, CET-805
                                 TypeWrite Word Processing Service
24                               211 N. Milton Road
                                 Saratoga Springs, New York 12866
25



       Proceedings recorded by electronic sound recording,
       transcript produced by transcription service
```

                                                                    2

1  (Proceedings began at 2:11 p.m.)
2           THE CLERK: All rise.  Calling 14-CV-4154, <u>Tweed v.</u>
3  <u>Glen Cove City School District, et al.</u>
4           Please state your appearances for the record.
5           MR. STOBER:  For the plaintiff, Louis D. Stober,
6  Jr., LLC, Garden City, New York.
7           THE CLERK:  Good afternoon.  Introduce everyone.
8           MR. STOBER: Sure.  With me is my associate, Albina
9  Kataeva.  Next is Michael Tweed, the plaintiff, and at the end
10 of the table is Arthur Sheuermann, general counsel for School
11 Administrator's Association of New York.
12          THE CLERK: Does general counsel also represent the
13 plaintiff?
14          MR. STOBER: Yes, he does.
15          THE CLERK: Okay.  And on defense side.
16          MR. SILVERMAN:  Lewis Silverman for the defendants,
17 Your Honor.  With me is Chris Venator from Ingram & Smith,
18 District Counsel.  Next to him is Rich Macaron, the Board
19 president.  Next to him is Maria Rianna, the superintendent of
20 schools.  Next to Ms. Rianna is Maureen Papachristu, the Board
21 vice president and also here today is Jen Latner from the New
22 York School Insurance Reciprocal.  I think I got everybody.
23          THE COURT: Very good.  Good.  I'm glad you're all
24 here today.  I'm glad you're all here and have agreed to
25 participate in settlement discussions.  I'm handling this.  It

1  wasn't my case originally but I'm familiar with the case and
2  I'm familiar with the law of the case and I've looked at your
3  settlement statements.
4         So let me ask first whether there's been any other
5  movement other than the offer of judgment that I know about.
6         MR. SILVERMAN: No, Your Honor, there hasn't.
7         THE COURT: Okay, fine.  So as we go through this
8  process, and this is the only part I'm going to put on the
9  record, we're going to meet separately.  I'll meet with the
10 lawyers, meet with the parties if necessary and we'll see what
11 we can do.
12        One thing is certain, the case is set for trial in
13 June.  There's no question about that, that it's going
14 forward.  So you know that's where you're headed if we don't
15 settle.  There's nothing anyone is going to do about that.
16 But as we go through the process what I want everybody to keep
17 in mind is what do you want out of this.  Right?  If you want
18 to be completely vindicated, if you want to get every dollar
19 that you've asked for in a demand, if you want to pay nothing
20 and show everyone that you're completely right, that is not
21 what you're going to get and you can forget about it because
22 that's not what settlement is about.
23        But if you want to be heard, if you want to move
24 forward and be able to put this matter behind you and get on
25 with your lives, that's what you should be looking for in a

1   settlement.  When I say get on with your lives I don't just
2   mean the plaintiff.  Yes, he's an individual and we've got
3   sort of an entity on the other side.  When I say get on with
4   your lives that's really for everyone, right.  It's moving on
5   from the case for everyone.
6          When I say you're making a business decision, it's
7   for everyone.  It's not just for the defendants.  It's a
8   business decision for the plaintiff as well and when you make
9   a business decision you say what are the risks, what are the
10  benefits, what do I know is going to happen.  The only thing
11  that you know is going to happen is that you're going to trial
12  in June, there will be a jury of people that you don't know
13  and you have no idea what they're going to do and it's the
14  broad range of say go home, plaintiff, you get nothing.  On
15  the other side it's the broad range of we're giving him even
16  more than he asked for but you have no idea.  So what do we
17  get from this?  You get certainty and you get to move on.
18  That's why you're here and that's why I'm glad you're all here
19  and that's why I asked for representatives and I need the
20  parties to be here.
21         So what we're going to do, I'm going to talk to you
22  separately.  The rest of this is completely off the record
23  unless you settle it.  If we settle it we'll put the terms on
24  the record and we'll be done.
25         MR. SILVERMAN: Your Honor, one thing and I alluded

1  to this in the settlement statement I believe is, the Board
2  would need to approve any settlement but I do have the Board
3  president and the vice president here who could -- they'll
4  recommend or not recommend but we won't be able to actually
5  put anything other than potentiality.
6           THE COURT: No, that's fine and just to let the
7  plaintiff know, and I'm sure the lawyers know this already,
8  that happens all the time when you have a school board or the
9  county or a governmental entity.  What will happen is if the
10 amount -- if the settlement is over say $20,000 it has to be
11 recommended to the Board, it has to be brought before the
12 Board or the legislature, they have to vote on it.  But when
13 we settle a case the people in the courtroom say I will go
14 before that entity and I will recommend the settlement which
15 is really the best they can do, and generally we don't have a
16 problem with that.  So thank you for pointing that out.
17 That's correct.
18          Anything else anybody wants to put on the record in
19 front of each other right now?
20          MR. STOBER: No, Your Honor.
21          MR. SILVERMAN: Nothing here, Your Honor.
22          THE COURT: Very good.  Let me -- I'm going to start
23 this by having the lawyers for the defendant come back with
24 me.
25 (Off the record at 2:15 p.m.)

6

1  (Back on the record at 4:04 p.m.)
2              THE COURT: Back on the record.  I am very pleased to
3  say that the matter has settled and I want to thank and
4  commend everybody for being here today, for participating, for
5  getting this done quickly.  I think it's an excellent
6  settlement for both sides and just so you know to tell the
7  clients, I think that your lawyers both did a great job for
8  you.  So good for everybody.
9              Let me ask the plaintiff.  Do you want to put
10 something on the record with respect to the terms of the
11 settlement?
12             MR. STOBER: Yes, we do.
13             THE COURT: Okay.  Go ahead.
14             MR. STOBER: Your Honor, it's my understanding that
15 the terms of the settlement are, in no particular order, that
16 Mr. Tweed will be granted tenure on January 17 -- in January
17 of 2017, that there's an agreement that thereafter for a
18 period of at least three years there will be no abolishment of
19 his position.  He will be paid the sum of $165,000 inclusive
20 of attorney's fees, that the settlement shall be placed before
21 the Board for adoption of the resolution at their next meeting
22 which I understand is two weeks from yesterday.
23             Payment shall be made within 30 days of the receipt
24 of the release.  The release will have a carve out for the
25 other litigation that he has involving the arbitration that he

1  had with arbitrator Robert Similcar [Ph.] and I believe that
2  there's also a carve out if Mr. Tweed were to commit a crime
3  during this period of time with respect to the three-year no
4  abolition agreement.
5              THE COURT: Okay.  Let me ask the defendant if you
6  agree that those are the terms of the settlement.  You can
7  stay seated because this way the mic will pick you up.
8              MR. SILVERMAN: Okay.  With one slight modification
9  on the carve out for the crimes.  Also before granting tenure
10 as long as Mr. Tweed doesn't commit a crime or some other sort
11 of egregious conduct that will work out in the actual
12 settlement agreement that he'll be granted tenure.  That's the
13 only change.
14             THE COURT: All right.  I'm assuming you can work
15 that out and basically what you're saying is they both are
16 going to act in good faith.
17             MR. STOBER: Absolutely, Your Honor.
18             THE COURT: Anything else anybody needs to put on the
19 record?
20             MR. SILVERMAN: Yes.  The only other issue is kind of
21 a twin issue.  It's conditioned on Board approval.  Our plan
22 is to present this to the Board at the next meeting within --
23 which is on -- two weeks from yesterday.  If something occurs
24 where we don't come to an agreement on the terms that will
25 delay it but that's our plan right now to get it to the Board

8

1  at the next meeting in two weeks.
2          THE COURT: All right.  I'm sure you can agree on the
3  terms within that time period.
4          Well, good.  That's it.
5          MR. STOBER: I just wanted to thank Your Honor for
6  your efforts.  You really brought us to this successful
7  conclusion and I want to thank you for your time and efforts
8  in that regard.
9          THE COURT: You're very welcome.
10         MR. SILVERMAN: One other issue.  I'm sorry, Your
11 Honor.
12         THE COURT: Yes.
13         MR. SILVERMAN: Just the confidentiality of the
14 settlement agreement subject to a carve out for lawyers, tax
15 advisors, et cetera.  That's the only --
16         THE COURT: Is that agreed to?
17         MR. STOBER: Mutual confidentiality with certain
18 carve outs.  I hate to use the word carve outs but obviously
19 certain people we and they need to speak to whether it's
20 accountants, spouses, attorneys.
21         THE COURT: All right.  You'll work that out.
22         MR. STOBER: Or to enforce the terms of the
23 settlement.
24         THE COURT: You'll work that out and I will mark the
25 case as settled and just refer to the record for the terms.

```
                                                                  9
 1            Anything else you need to file with the court.  Once
 2  it's paid you'll file a stipulation of discontinuance.
 3            MR. SILVERMAN:  Yes, Your Honor.
 4            THE COURT:  So we'll say 30 days after -- 30 days
 5  after payment file a stipulation of discontinuance just so our
 6  docket is closed.  Okay?
 7            MR. SILVERMAN:  That sounds good.
 8            THE COURT:  Thank you all very much.
 9            MR. SILVERMAN:  Thank you, Your Honor.
10            MR. STOBER:  Thank you.
11  (Proceedings concluded at 4:09 p.m.)
12                            * * * * *
13
14
15
16
17
18
19
20
21
22
23
24
25
```

10

1    I certify that the foregoing is a court transcript from
2 an electronic sound recording of the proceedings in the above-
3 entitled matter.

_____
                                Shari Riemer, CET-805

Dated:  March 22, 2016